IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| A.J. HATTEN | § | CIVIL ACTION |
|     Plaintiff, | § | |
| | § | NO. 11-2114 |
| VS. | § | |
| | § | |
| TETRA APPLIED TECHNOLOGIES, INC. | § | |
|     Defendant, | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, A.J. HATTEN, hereinafter referred to as Plaintiff, complaining of Defendant, TETRA APPLIED TECHNOLOGIES, INC. and for cause of action would respectfully show this Honorable Court as follows:

### PARTIES

1. Plaintiff, A.J. HATTEN, is a resident of Mobile, Alabama.

2. Defendant, TETRA APPLIED TECHNOLOGIES, INC. is a Louisiana corporation doing business in the State of Louisiana and may be served through its registered agent, C T Corporation System at 8550 United Plaza Blvd., Baton Rouge, LA 70809.

### VENUE

3. Venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391(b) because the events giving rise to this suit occurred in this district.

## JURISDICTION

4. Plaintiff is a seaman and brings this action pursuant to Title 46 U.S.C. §30104, et seq and pursuant to the admiralty and general maritime laws of the United States. Plaintiff requests a jury.

## FACTS

5. Upon information and belief, at all relevant times, Defendant, TETRA APPLIED TECHNOLOGIES, INC., owned and operated the *TETRA 28* on or about June 15, 2011.

6. At all relevant times, Plaintiff was employed by Defendant, TETRA APPLIED TECHNOLOGIES, INC., and was a seaman and member of the crew on the *TETRA 28* on or about June 15, 2011.

7. On or about June 15, 2011, A.J. HATTEN was working on the *TETRA 28* when he slipped and fell in a puddle of hydraulic fluid from a leaking crane, landing on a tool he was carrying and causing injury to his lower back and body generally.

## CAUSES OF ACTION

**Negligence**

8. At all relevant times, the actions and/or inactions of the Defendant and/or its officers, agents and/or employees constitute negligence. The negligence of the Defendant was a proximate and/or producing cause of Plaintiff's injuries and damages. Plaintiff will show that the accident was proximately caused by the actions and/or inactions of Defendant and/or their officers, agents and/or employees in the following respects:

    a. In failing to maintain a reasonably safe work place;

    b. In failing to repair the leaking hydraulic fluid for about a year;

    c.      Failing to clean up the hydraulic fluid;

    d.      In failing to properly train and supervise its employees;

    e.      In failing to provide a safe flooring surface.

9.    These actions and/or inactions of Defendant and/or its respective officers, agents and/or employees constitute negligence. The negligence of Defendant was a proximately and/or producing cause of Plaintiff's injuries and damages.

### Unseaworthiness

10.    Defendant owed a duty to Plaintiff to maintain the vessel in a seaworthy condition. However, Plaintiff will show that the vessel was unseaworthy in the following respects:

    a)      Equipment was leaking hydraulic fluid;

    b)      There was hydraulic fluid on the deck making the deck unreasonably dangerous.

11.    Plaintiff sustained severe and disabling injuries to his back and his body in general. The aforesaid injuries occurred as a proximate result of the negligence of Defendant and/or were caused by the unsafe and/or unseaworthy condition of the vessel referenced herein.

### Maintenance and Cure

12.    Plaintiff would show that on the above-mentioned date, he was injured while in the course and scope of his employment with Defendant and while serving as a seaman in the service of the vessel. Defendant breached its absolute duty to provide Plaintiff with maintenance and cure. As a result of Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff would also show that he found it necessary to engage attorneys to represent him in the maintenance and cure action

and he is entitled to reasonable attorneys' fees for the collection of the maintenance and cure benefits due to him for the arbitrary and capricious denial of said benefits.

13. Plaintiff would further show that Defendant's refusal to pay maintenance and cure was done willfully and wantonly. Therefore, Plaintiff is entitled to punitive damages.

## DAMAGES

14. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

   a. Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

   b. Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

   c. Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

   d. Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

   e. Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and,

   f. Plaintiff has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future.

   g. Plaintiff sues for found damages in the past and future.

15. To the extent Plaintiff suffered from any pre-existing conditions, if any, Plaintiff would show that such pre-existing conditions were aggravated by the occurrence in question.

## JURY DEMAND

16. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks for judgment against Defendant for the following:

    a. Actual damages;

    b. Attorneys' fees against Defendant, TETRA APPLIED TECHNOLOGIES, INC.

    c. Pre-judgment interest and post-judgment interest at the maximum legal rate;

    d. Costs of court; and

    e. Any and all further relief, be it general or special, at law or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**GORDON, ELIAS & SEELY, LLP**

By:   */s/ Steve Gordon*
Steve Gordon
Louisiana Bar No. 24109
1811 Bering Drive, Suite 300
Houston, Texas 77057
(713) 668-9999
(713) 668-1980 - Facsimile
sgordon@geslawfirm.com

ATTORNEY FOR A.J. HATTEN